**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

Bryana Danielle Christy and
Aaron Wesley Christy

Plaintiffs,

v.

United States Department of State,

Antony J. Blinken, Secretary of the
United States Department of State

Office of the Legal Advisor of the
United States Department of State,

Richard C. Visek, Acting Legal Adviser
Of the U.S. Department of State,

and

Merrick Garland
Attorney General of the United States

**Service addresses**:

Office of the Legal Advisor of
United States Department of State
600 19th Street NW, Ste. 5.600
Washington, DC 20522

Office of U.S. Attorney General
950 Pennsylvania Ave. NW
Washington DC 20530-0001

Office of U.S. Attorney General Missouri
111 S. 10th Street, 20th Floor
St. Louis, MO 63102

Defendants.

Civil Action No. __________

# COMPLAINT FOR WRIT OF MANDAMUS & REQUEST FOR DECLARATORY RELIEF

## I.     INTRODUCTION

COME NOW, Plaintiffs, Bryana Danielle Christy (Bryana) and Aaron Wesley Christy (Aaron) (collectively Plaintiffs), through undersigned counsel, and request this Honorable Court to compel Defendants U.S. Department of State, Antony J. Blinken, Secretary of the U.S. Department of State, the Office of the Legal Advisor of the U.S. Department of States (collectively DOS Defendants) and Merrick Garland, Attorney General of the United States to issue proof of the United States citizenship to Plaintiffs so that they can live like humans as they deserve and entitled under the United States and Missouri Constitutions in the State of Missouri and in our society.

## II.     PARTIES

1.      Plaintiff, Bryana Danielle Christy (Plaintiff and/or Bryana) is the daughter of the deceased United States military serviceman, United States citizen, Richard Christy, and United States citizen Michelle Janine Achey.  A copy of Richard Christy's Birth Certificate is attached as Exhibit 1 and a copy of Michelle Janine Achey's Birth Certificate is attached as Exhibit 2.

2.      Plaintiff, Aaron Wesley Christy (Plaintiff and/or Aaron) is the son of the deceased United States military serviceman, United States citizen Richard Christy and United States citizen Michelle Janie Achey.

3.      Defendant Department of State is the agency of the United States that is responsible for issuing records of birth abroad for the children of U.S. military servicemen who are born abroad.

4.      Defendant Antony Blinken, the U.S. Secretary of State, is the highest ranking official within the DOS. Blinken is responsible for implementing United States citizenship laws and

ensuring compliance with applicable federal laws. Blinken is sued in his official capacity as an agent of the United States government.

5. Defendant the Office of the Legal Adviser is the office that furnishes advice on all legal issues, domestic and international, arising in the course of the DOS' work. The Office is organized to provide direct legal support to the DOS' various bureaus, including regional and international such as U.S. passport services and vital records agency.

6. Defendant Richard C. Visek is the Acting Legal Adviser of the Office of the Legal Adviser. Visek is responsible for implementing the United States citizenship laws and ensuring compliance with the applicable federal laws. Visek is sued in his official capacity as an agent of the United States government.

7. Defendant Merrick Garland is the U.S. Attorney General of the United States. Garland is responsible for upholding the rule of law and protecting citizens' civil rights. Garland is sued in his official capacity as an agent of the United States government.

## III. <u>JURISDICTION & VENUE</u>

8. This Court has jurisdiction over the present action under 28 U.S.C. §1331 federal question jurisdiction which arises under the Constitution and the laws of the United States, specifically the Immigration and Nationality Act pertaining to the acquisition of the United States citizenship and codified in 8 U.S.C. §1401, 8 U.S.C. §1409 and 8 U.S.C. §1431.

9. This Court has jurisdiction over the present action under the Administrative Procedure Act (APA) 5 U.S.C. §555 et seq. and 5 U.S.C. §702. The APA requires DOS Defendants to carry out their duties within a reasonable time. Title 5 U.S.C. §555(b) provides that "***with due regard for the convenience and necessity of the parties and their representatives within a***

***reasonable time, each agency shall proceed to conclude a matter presented to it."*** [Emphasis added]. The DOS and its Defendants are subject to 5 U.S.C. §555(b) which imposes a non-discretionary duty to conclude agency matters. Litton Microwave Cooking Prods. V. NLRB, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief. Id. This Court has jurisdiction to compel the DOS' action that is unlawfully withheld. 5 U.S.C. §555(b) and §706. DOS Defendants refused and continue to refuse to issue Plaintiffs their citizenship documents in violation of 8 U.S.C. §1401, 8 U.S.C. §1409, and 8 U.S.C. §1431.

10. This Court has jurisdiction under the All-Writs Act, 28 U.S.C. § 1651 which authorizes federal courts and federal judges to issue writs necessary to comply with the principles of law. This Court has jurisdiction to issue a writ ordering DOS Defendants to issue citizenship records sufficient for Plaintiffs to obtain their United States passports and Real ID in the State of Missouri.

11. This Court has jurisdiction under 42 U.S.C. §1983 which allows Plaintiffs to bring an action for violation of Plaintiffs' First Amendment rights and their right to vote.

12. This Court has jurisdiction under 28 U.S.C. §1346 which allows this Court to decide any civil action against the United States, founded upon the Constitution or any Act of Congress, or regulation such as 8 U.S.C. §1401, 8 U.S.C. §1409 and 8 U.S.C. §1431 and regulations promulgated herein.

13. This Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 which allows federal courts, upon the filing of an appropriate pleading, to declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

14. This Court has jurisdiction under the Mandamus Act, 28 U.S.C. §1361, which

provides this Court with the authority to compel an officer of the United States to perform his/her duty. This Court has the authority to review the agency's action which is ultra vires and to order relief to the aggrieved party. Chamber of Commerce v. Reich, 74 F.3d 1322 (D.C. Cir. 1996).

15. Title 28 U.S.C. § 1391(e), as amended, provides that in a civil action in which each Defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of authority, or any agency of the United States, the action may be brought in any judicial district in which Defendant in action resides.

16. Defendants are the government agencies that operate within the district, having offices in St. Louis, Missouri. Venue properly lies within the Eastern District of Missouri, United States District Court.

## IV. FACTS COMMON TO ALL CLAIMS FOR RELIEF

17. Bryana Christy was born on XXXX, 1985 in Bremerhaven Germany where her father served at that time in the United States Armed Forces. At the time Bryana was born a record of birth was made by the United States Armed Forces. A copy of the record is attached as Exhibit 3.

18. Bryana was born in a hospital located inside the U.S. Armed Forces base. Bryana's parents received no assistance from the DOS Defendants at the time of Bryana's birth in issuing Bryana Form FS-240, Consular Report of Birth Abroad.

19. Aaron Christy was born on XXXX, 1986, in Bremerhaven Germany in a German hospital contracted with the U.S. Armed Forces to provide treatment to the U.S. Armed Forces servicemen. A copy of Aaron's Birth Certificate is attached as Exhibit 4. Aaron's parents received no assistance from the DOS Defendants at the time of Aaron's birth in issuing Aaron Form FS-240, Consular Report of Birth Abroad.

20. In 1987 Richard Christy suffered a heart attack while serving in Germany. The

Christy family returned to the United States. because serviceman, Richard Christy suffered a heart attack. from their military service assignment in Germany. The parents obtained social security numbers for Bryana and Aaron based on Aaron's German Birth Certificate (Exhibit 4) and Bryanna's Birth Information record (Exhibit 3) and on the basis of Bryana's father's personnel record maintained by the Department of the Army showing that Bryana, Aaron, and their parents returned from their military service in Bremerhaven, Germany to the United States in 1987. Exhibit 5, Department of the Army, Headquarters, 2d Armored Division, APO, New York, Return of Family Members record.

21. In 2005 Congress passed a REAL ID Act in response to security concerns after September 11, 2001, terrorist attacks because the hijackers were able to obtain IDs and use them to rent cars and apartments, as well as open bank accounts. Of the 19 hijackers, seven got documents including driver's licenses. The REAL ID law standardized the requirements for state IDs. Through phased implementation starting in 2014, it requires that citizens provide their local DMV with their birth certificate, social security card, and proof of residency.

22. In 2007 Bryana and Aaron sought their father's service records from the National Personnel Records Center located in St. Louis, Missouri.

23. On April 1, 2014, Bryana applied for her Certificate of Citizenship with the USCIS once the State of Missouri began implementing the REAL ID Act compliance. Exhibit 6, Form I-797 Notice of Action received from the USCIS. Bryana paid the USCIS $600 dollars to process her Certificate of Citizenship.

24. On July 10, 2014, USCIS sent Bryana a request for evidence to provide verification of Bryana's contact with the DOS' Passport Services, the Correspondence Branch, and any correspondence with the overseas hospital in which she was born.

25. Bryana informed the USCIS that the hospital where she was born no longer belonged to the U.S. Armed Forces and was no longer in existence. Bryana provided to the USCIS a certified copy of her father's personnel record maintained by the Department of the Army showing that Bryana, Aaron, and their parents returned from their military service in Bremerhaven, Germany to the United States in 1987. Exhibit 5. Bryana provided the USCIS with a copy of her Birth Information record maintained by the United States Army Archives. Exhibit 3.

26. As instructed by the USCIS, on or about July 20, 2014, Bryana requested her birth record from the DOS. Bryana provided the DOS with her Birth Information record (Exhibit 3) and a record of the Christy family's return from Germany to the United States. Exhibit 5.

27. On or about July 20, 2014, Aaron requested his birth record from the DOS as well. Aaron gave the DOS a certified copy of his German Birth Certificate. Exhibit 4.

28. Both Bryana and Aaron paid the DOS filing fee of $50.00 each to obtain their birth records. The DOS cashed Bryana's and Aaron's checks but never mailed to Bryana and Aaron their birth records.

29. Concerned with the DOS' silence Bryana and Aaron contacted the U.S. Senator, Claire McCaskill for help in obtaining their birth records from the DOS in August 2014.

30. The DOS failed to provide Bryana with her birth record during the time allotted by the USCIS. On December 11, 2014, the USCIS found that the daughter of the retired military veteran was not eligible to be a United States citizen. A copy of the USCIS denial is attached as Exhibit 7. In a blink of an eye, Bryana became stateless and invisible deprived of basic human and civil rights in the United States.

31. On March 6, 2015, St. Louis Post Dispatch published an article about Bryana's struggle

to obtain her citizenship documents in an article titled "Woman without a country wades through red tape." A copy of the article is attached as Exhibit 8. The article painstakingly describes Bryanna's daily struggles of not having citizenship documents and questions a country-wide debate on whether there should be a path to citizenship for people who were brought here illegally as children while a soldier's daughter born abroad wades through red tape stateless.

32. On March 11, 2015, Senator McCaskill sent a letter to Bryana advising her to contact a different division of the DOS for her birth records. A copy of the letter from Senator McCaskill is attached as Exhibit 9.

33. As instructed by Senator McCaskill, Bryana, and Aaron wrote a letter to the Law Enforcement Liaison Division of the DOS requesting certified copies of their passport files and again including two checks for $50 each to pay the DOS for their birth and passport records. The DOS cashed the checks received from Bryana and Aaron Christy and never mailed them any of their records.

34. Bryana, Aaron, and their mother contacted the DOS by phone and email on numerous occasions. The DOS representatives told the children of the retired U.S. army soldier they could not be helped.

35. Since 2014, Bryana and Aaron have been disintegrated from our society and social life. They have been denied access to basic human services because of the DOS representatives' refusal to provide them with their birth records for which they paid the DOS several times.

36. For Americans, identification documents are a lifeline – a key to unlocking services and opportunities from housing to jobs to education. Bryana and Aaron do not get access to any of the necessary benefits that citizens with state IDs enjoy in the United States and in Missouri. The children

of the deceased Army soldier have been erased because they are not eligible to receive a state ID, a driver's license, and/or a U.S. passport. They have been denied access to government aid, health care, medication, financial services, employment, the ability to secure property rights, and register a business. They are not allowed to enter this Courthouse because they do not have a valid ID or enter a government building to obtain an ID. They cannot travel between the states or use public transportation.

37. The USCIS and DOS refusal to document Bryana's and Aaron's citizenship deprived them of their civil right to participate in the political life of this state and country as they are not able to register to vote.

38. "Not having ID can make it virtually impossible to escape homelessness" and "it means being shut out of federal, state and country building, where social services agencies that help homeless are located."[1] That is how the United States Department of State treats the children of the deceased Army soldier, who devoted his life to serving this country.

39. On or about March 23, 2021, Plaintiffs contacted the DOS by phone through their undersigned attorney. The DOS representative instructed Plaintiffs' attorney to submit to the DOS (1) notarized statements in support of the issuance of their U.S. birth records; (2) notarized copies of their parents' birth certificates (Exhibits 1 and 2); (3) a notarized copy of Bryana's Birth Information record (Exhibit 3); (4) a notarized copy of Aaron's German Birth Certificate (Exhibit 4); (5) a notarized copy of the U.S. Army record showing that the Christy family returned with Bryana and Aaron from Germany (Exhibit 5) to the United States; (6) and two checks in the amount of $50.00 each. Plaintiff's counsel was informed by a DOS representative that it would take three months to receive the Plaintiffs'

[1]https://www.pewtrusts.org/en/research-and-analysis/blogs/stateline/2017/05/15/without-id-homeless-trapped-in-vicious-cycle.

birth records from the DOS.

40. On March 26, 2021, Plaintiffs' counsel mailed Bryana's and Aaron's records to the DOS as evidenced by Exhibit 10 (Bryana's records) and Exhibit 11 (Aaron's records).

41. On June 11, 2021, the DOS cashed two checks for $50.00 each paid for Bryana's and Aarons' citizenship records. A copy of the cashed checks is attached as Exhibit 12.

42. From July 2022 until the present date, Plaintiffs contacted Defendants on numerous occasions, to wit:

a. Plaintiffs' counsel contacted the DOS Passport/Vital Records Section by phone and left numerous messages attempting to determine the status of the Plaintiffs' applications. The DOS employees never called Plaintiffs' counsel back.

b. On November 10, 2021, Plaintiffs sent a letter to DOS Defendants checking on the status of their citizenship records. The DOS employees never replied to the Plaintiffs' November 10, 2021 letter. A copy of the November 10, 2021 letter is attached as Exhibit 13.

c. Having received no phone calls back and any correspondence from DOS Defendants, Plaintiffs' counsel submitted an online inquiry on DOS' website. Copies of the inquiries for Bryana and Aaron are attached as Exhibit 14.

d. On July 18, 2022, DOS Passport Specialist, Mr. Michael Mayo replied to Plaintiffs' April 8, 2022 email stating that:

> **We are awaiting the return of Mr. Christy's passport application to complete his Citizenship letter. Ms. Christy's letter has been completed and will be printed and mailed this week to the address on file. If you have any questions, please feel free to contact me.** [Emphasis added]. A copy of the email is attached as Exhibit 14. See page 5.

e. On July 19, 2022, Plaintiff's counsel contacted DOS Defendants by email inquiring about Aaron's citizenship letter. Exhibit 15, pg. 4.

  f. On September 21, 2022, Plaintiffs' counsel contacted DOS Defendants by email again inquiring about the status of Plaintiffs' citizenship letters. Exhibit 15, pg. 3.

g. On November 21, 2022 Plaintiffs' counsel contacted DOS Defendants by email again inquiring about the status of Plaintiffs' citizenship letters. Exhibit 15, pg. 2.

h. On January 12, 2023 Plaintiffs' counsel contacted DOS Defendants by email again inquiring about the status of Plaintiffs' citizenship letters. Exhibit 15, pg. 1.

43. As of the date of this complaint, DOS Defendants refused and continue to refuse to provide Plaintiffs with their citizenship records desperately needed for Plaintiffs to obtain their government identification cards and/or driver's licenses.

44. In accordance with the Immigration and Nationality Act, a child born to two married U.S. citizens outside of the United States, automatically acquires the U.S. citizen status pursuant to 8 U.S.C. §1401, 8 U.S.C. §1409, and 8 U.S.C. § 1431.

45. Plaintiffs are citizens of the United States by virtue of their birth to their United States citizen parents who were married at the time of their birth and one of who was serving in the Armed Forces at the time of Plaintiffs' birth at the United States base in Bremerhaven, Germany. 8 U.S.C. §1401, 8 U.S.C. §1409, and 8 U.S.C. § 1431.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

46. No exhaustion requirements apply to the Plaintiffs' Complaint. Defendants owe Plaintiffs a duty to issue their citizenship records which Plaintiffs submitted with the required fees to the DOS. Defendants have unreasonably delayed and failed to adjudicate Plaintiffs' requests since 2014 and deprived Plaintiffs of basic human and civil rights. Plaintiffs have no other remedy available for the harm they seek to redress – the failure of DOS Defendants to issue Plaintiffs their citizenship records sufficient enough for Plaintiffs to obtain their U.S. passports and obtain Missouri state

identification documents.

**CAUSES OF ACTION & CLAIMS**

47. Defendants are charged by 8 U.S.C. §1401, 8 U.S.C. §1409, and 8 U.S.C. § 1431 with the statutory obligation to issue Plaintiffs their United States citizenship birth records and assure that these citizenship records are sufficient for the issuance of Plaintiffs' U.S. passports.

48. Plaintiffs have a clear right to the relief requested. One's right to life, liberty, property, free speech, a free press, freedom of worship and assembly, and other fundamental rights are protected in the United States. W.V. State Bd. of Educ. v. Barnette, 319 U.S. 624, 639 (1943).

49. The Constitution provides for liberty to all. Obergefell v. Hodges, 576 U.S. 644, 662 (2015). The right to marry, establish a home and bring up children is a central part of the liberty protected by the *Due Process Clause*. Id. [Emphasis in the original].

50. DOS Defendants denied Plaintiffs basic human rights afforded by the Missouri and federal Constitutions and the Universal Declaration of Human Rights. Without citizenship documents, Plaintiffs cannot obtain a Missouri state id. They do not have an identity in the United States. Plaintiffs cannot pursue a livelihood, receive medical services, obtain health insurance, get married, buy and/or rent a home, seek financial services, drive, use public transportation, and seek and receive state and federal benefits. Obergefell *supra*.

51. Through the Defendants' inaction, red tape, and unreasonable delay, the lives, and well-being of the children of the deceased United States Army soldier were marginalized. Defendants' conduct is unlawful because it infringes on Plaintiff's civil liberties such as First Amendment rights to associate and participate in the democratic life of their county, city, municipality, state, and country. The Defendants' inaction infringes on the Plaintiffs' political speech and expressive con-

duct in communicating their belief and will to shape the composition and direction of the government and interfered with their fundamental right to vote.

52. The United States courts are open to injured individuals who come to them to vindicate their own direct, personal stake in the United States' basic charter. An individual can invoke a right to constitutional protection when he or she is harmed. Obergefell, 576 U.S. at 663.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs pray that the Court:

1. Assume and maintain jurisdiction over the case and order DOS Defendants to issue Plaintiffs their birth citizenship records and United States passports;

2. Compel DOS Defendants and those acting under them to perform their duty to issue Plaintiffs their birth citizenship records;

3. Assure that the records DOS Defendants issue are sufficient for Plaintiffs' to obtain their United States passports;

4. Grant Plaintiffs their attorney fees and costs under the Equal Access to Justice Act; and

5. Grant such other and further relief as this Court deems proper.

Respectfully submitted on January 31, 2023.

**IMMIGRATION LAW GROUP LLC**

Evita Tolu, MO Bar 49878
1 Crabapple Court
St. Louis, MO 63132
Tel. 314-323-6022
Fax 314-207-0086
e-mail: evitatolu@outlook.com

Attorney for Plaintiffs